**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus Alfonso VASQUEZ–DUARTE,**
**Defendant–Appellant.**

**No. 01–5514.**

United States Court of Appeals,
Sixth Circuit.

Feb. 12, 2003.

Before BATCHELDER and COLE, Circuit Judges; and GRAHAM, District Judge.*

GRAHAM, District Judge.

Defendant-appellant Jesus Alfonso Vasquez–Duarte was charged by indictment filed in the United States District Court for the Eastern District of Tennessee on September 19, 2000, with one count of being an illegal alien found in the United States after having been deported in violation of 8 U.S.C. § 1326(a) and § 1326(b)(2).

On November 22, 2000, appellant signed a plea agreement in which he agreed to plead guilty to the indictment and to "admit that he was deported and then unlawfully re-entered the United States without consent from the Attorney General subsequent to being convicted of an aggravated felony." The plea agreement further provided that appellant "understands that since he was convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43) prior to his deportations he is subject to an enhanced penalty under 8 U.S.C. § 1326(b)(2)." The plea agreement went on to state that the maximum possible penalty for this charge was twenty years imprisonment. The plea agreement also identified appellant's prior convictions in California for possession of stolen property, attempted taking away an automobile without consent, and witness intimidation as appellant's prior aggravated felony convictions.

At the change of plea proceedings held on November 22, 2000, the district court advised appellant that because of his previous convictions for aggravated felonies prior to his deportation, he would be subject to the enhanced penalty of twenty years under 8 U.S.C. § 1326(b)(2). Appellant stated that he still wanted to plead guilty.

A sentencing hearing was held on March 26, 2001. The presentence investigation report included a section describing appellant's prior criminal record. Defense counsel agreed that at least two, if not three, of the previous convictions qualified as aggravated felonies for purposes of § 1326(b)(2). In calculating appellant's criminal history category, the probation officer gave appellant fourteen criminal history points, resulting in a criminal history category of VI. The probation officer also calculated a sentencing range of seventy-seven to ninety-six months under the United States Sentencing Guidelines. The district court imposed a sentence of seventy-seven months incarceration. On April 16, 2001, appellant filed a notice of appeal from the judgment of the district court.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

In his first assignment of error, appellant argues that his attorney was ineffective in failing to request a downward departure from the guideline sentencing range on the grounds of cultural assimilation and the fact that appellant's criminal history category of VI overrepresented the seriousness of his criminal history. Generally, ineffective assistance of counsel claims are not cognizable on direct appeal

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

because the record is inadequate to permit review, and therefore such claims are more properly raised in a motion to vacate under 28 U.S.C. § 2255. *See United States v. Tucker,* 90 F.3d 1135, 1143 (6th Cir. 1996). However, if the record is sufficient to review the claim, the court may review the issue on direct appeal. *See United States v. Pierce,* 62 F.3d 818, 833 (6th Cir.1995). Because both parties agree that the current record is sufficient to resolve the issue, we will address this question now.

To prevail on a claim of ineffective assistance of counsel, appellant must show that counsel's performance was deficient and that this deficient performance was so serious that it prejudiced his defense and rendered the result unreliable. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Austin v. Bell,* 126 F.3d 843, 847–48 (6th Cir.1997). In order to establish prejudice, appellant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. In addition to showing prejudice, appellant must also demonstrate that the result of the proceeding was fundamentally unfair or unreliable. *See Lockhart v. Fretwell,* 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). Judicial scrutiny of counsel's performance is highly deferential, and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689.

█ Appellant first argues that counsel should have requested a downward departure on the basis of cultural assimilation. This court has not yet recognized cultural assimilation as a basis for downward departure, although, at the time of the sentencing hearing in this case, other circuits had done so. *See United States v. San-* chez–Valencia, 148 F.3d 1273, 1274 (11th Cir.1998); *United States v. Lipman,* 133 F.3d 726 (9th Cir.1998).

Assuming, without deciding the issue, that cultural assimilation may provide a basis for downward departure, such a departure would be highly infrequent, and should occur only when the facts and circumstances of the case are sufficient to take the case out of the heartland of cases. *Lipman,* 133 F.3d at 730 (citing U.S.S.G. § 5K2.0). The Ninth Circuit also noted that cultural assimilation was akin to "family and community ties," discussed under U.S.S.G. § 5H1.6 as a factor not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range, and that departure based on cultural assimilation would be appropriate only in "extraordinary circumstances." *Id.; see also United States v. Mondello,* 927 F.2d 1463, 1470 (9th Cir.1991).

The record before the district court fails to reveal any "extraordinary circumstances" warranting departure on the basis of cultural assimilation. Appellant, who was twenty-three years old at the time of sentencing, came to the United States when he was ten years old. Appellant's mother and two sisters reside in California. Appellant attended high school in Anaheim, California, until the tenth grade. He had no verifiable record of previous employment. He was not married, although he was involved in a relationship which produced one child. The child and her mother reside in Texas. There was no indication that appellant maintained any significant contact with any of these family members in Texas or California upon his re-entry into the United States.

At the time he was found in the United States on August 23, 2000, appellant was detained in the Knox County Detention Facility in Knox County, Tennessee, on charges of assault and theft. The record

further reveals that appellant has a lengthy history of criminal convictions. This extensive record weighs against the possibility of a departure based on cultural assimilation. *See United States v. Padilla–Michel,* 2002 WL 31716626 at *2 (unpublished)(10th Cir., December 4, 2002)(quoting district court's reasoning that " 'departure ... requires some showing that an individual not only has significant family and lifetime ties with the United States, but has comported himself or herself at least generally with the laws of this country.' ")[1] The record also states that appellant was deported from the United States on two occasions: June 16, 1997, and May 30, 1998.

Under the circumstances present in this case, it cannot be said that counsel was ineffective in failing to pursue a downward departure based on cultural assimilation in the absence of any "extraordinary circumstances" warranting such a departure. Appellant has also failed to show a reasonable probability that, but for counsel's omission, the result of the proceeding would have been different, or that the result of the proceeding was fundamentally unfair or unreliable.

Appellant also argues that his counsel was ineffective in failing to argue for a downward departure from his criminal history category of VI. Pursuant to U.S.S.G. § 4A1.3, a downward departure to a lower criminal history category is authorized if the sentencing court finds that the defendant's criminal history category significantly overrepresents the seriousness of his criminal history or the likelihood that he will commit further crimes. The background commentary to § 4A1.3 notes that

in some cases, "younger defendants ... who are more likely to have received repeated lenient treatment ... may actually pose a greater risk of serious recidivism than older defendants.

Appellant was twenty-three years of age at the time of sentencing. His adult criminal record includes: (1) convictions in September of 1995 for two counts of sale of a controlled substance; (2) a conviction in February of 1996 for dissuading a witness by force and battery; (3) convictions in July of 1996 for taking of a vehicle without consent, dissuading a witness by force, and receiving stolen property; (4) convictions in October of 1997 for resisting an officer and giving a false identity to a police officer; (5) a conviction in September of 1998 for giving a false identity to a police officer; and (6) a conviction in December of 1999 for driving on a suspended license. These convictions resulted in eleven criminal history points. A total of three additional points were added due to the fact that appellant was on parole when the instant offense was committed, and because the instant offense was committed less than two years following the defendant's release from custody on the July, 1996, offenses. Appellant received a total of fourteen criminal history points, one more than the thirteen points needed to place him in a criminal history category VI.

The presentence investigation report identifies thirteen aliases which appellant has used, and several of appellant's prior convictions involve false identification. An examination of appellant's prior record also reveals that appellant wasted no time in becoming involved in criminal activity

1. The district court below employed similar reasoning in imposing sentence in this case, expressing hope that the sentence would provide "deterrence to others like you who violate the law by coming across the border and coming back over and making trouble for everybody here. Certainly, we welcome people who come back—come to this country and work and obey the law. But if they can't, then ... we just can't afford to keep them here."

after he re-entered the country following his deportation on June 16, 1997, and May 30, 1998, for two of his prior convictions occurred within a few months of his deportation.

█ Considering the evidence concerning appellant's criminal record, we cannot find that appellant was prejudiced by counsel's failure to request a downward departure from his criminal history category. Appellant's criminal history includes convictions for serious offenses, and demonstrates a significant risk of recidivism. It cannot be said that the result of the proceeding would have been different had counsel made the request for a downward departure, nor does the record demonstrate that the result of the proceeding was fundamentally unfair or unreliable.

We conclude that appellant's claims of ineffective assistance of counsel are without merit.

## II. *APPRENDI* ISSUE

In his second assignment of error, appellant argues that the district court violated the principles announced in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by applying the twenty-year maximum sentence provided in 8 U.S.C. § 1326(b)(2). Section 1326(a) prohibits an alien from returning to the United States after having been deported. This general section authorizes a maximum prison term of two years. Section 1326(b)(2) authorizes a prison term of up to twenty years for a conviction under § 1326(a) if the initial deportation was subsequent to a conviction for the commission of an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43). Appellant does not dispute that he was convicted of aggravated felonies prior to his deportation. Rather, he argues that the prior conviction for an aggravated felony is an element of the offense under § 1326(b)(2) which must be specifically pleaded in the indictment and proved beyond a reasonable doubt.

█ Appellant did not assert his *Apprendi* claim before the district court. Thus, we review this issue for plain error only. Fed.R.Crim.P. 52(b); *United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002). There is plain error only if there is an error that is plain, that affects the substantial rights of the defendant, and that seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Leachman,* 309 F.3d 377, 380 (6th Cir. 2002).

In *Apprendi,* the Supreme Court held that the possession of a weapon for the purpose of intimidating a victim due to a particular characteristic of the victim, used to enhance an offense to a first degree offense, was in the nature of an element of the offense rather than a mere sentencing factor. *Apprendi,* 530 U.S. at 491–497. The Court applied the general rule that the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment require that facts constituting elements of the offense "be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Id.* at 476 (quoting *Jones v. United States,* 526 U.S. 227, 243 n. 6, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)).

█ The issue presented here is whether the fact of appellant's prior conviction for an aggravated felony is in the nature of an element of the offense or merely a sentencing factor. This question was resolved by the Supreme Court in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and by the Sixth Circuit in *United States v. Aparco–Centeno,* 280 F.3d 1084 (6th Cir. 2002). The Supreme Court held in *Almendarez–Torres* that § 1326(b)(2) is a penalty

provision which authorizes a court to increase the sentence for a recidivist. *Id.* at 226. The Supreme Court rejected the argument that the fact of the prior conviction was an element which must be charged in the indictment and proved beyond a reasonable doubt. *Id.* at 239.

Appellant argues that *Almendarez–Torres* is no longer valid in light of the Supreme Court's decision in *Apprendi.* In *Apprendi,* the Supreme Court noted that "it is arguable that *Almendarez–Torres* was incorrectly decided" but did not expressly overrule that case. *Apprendi,* 530 U.S. at 489–90. Further, the Supreme Court phrased its holding in *Apprendi* as follows: *"Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490 (emphasis supplied).

In *Aparco–Centeno,* the defendant pleaded guilty to an offense under § 1326(a), and was sentenced under § 1326(b)(2) after the trial court determined that he had previous convictions for aggravated felonies. This court rejected the argument that *Apprendi* had overruled the holding in *Almendarez–Torres. Aparco–Centeno,* 280 F.3d at 1088. Instead, this court concluded that *Apprendi* established an exception for prior convictions used to enhance a sentence, and that such convictions are sentencing factors, not elements which must be pleaded in the indictment and proved beyond a reasonable doubt. *Aparco–Centeno,* 280 F.3d at 1088–90. *Apprendi* does not apply to this case, and no error has been shown.

Even assuming that a prior conviction under § 1326(b)(2) should be treated as an element, no plain error has been shown in this case. Although the indictment did not specifically allege that appellant had previously been convicted of an aggravated felo-

ny, it did refer to § 1326(b)(2), which is the section which provides for a maximum sentence of twenty years in cases where the defendant was convicted of an aggravated felony prior to deportation. This provided appellant with adequate notice that he was being charged with an enhanced offense under § 1326(b)(2). *See United States v. Howell,* 2002 WL 31770315 (unpublished) (6th Cir., December 6, 2002)(indictment charging violation of 21 U.S.C. § 841(b)(1)(A) sufficient to give notice of charge involving more than five kilograms of cocaine even though quantity not otherwise specified). Appellant also agreed in the plea agreement and during the plea proceedings to plead guilty to an offense enhanced by his prior convictions for aggravated felonies. By pleading guilty to the enhanced offense charged in the indictment, appellant waived any right to have his prior convictions for aggravated felonies proved to a jury beyond a reasonable doubt. *See Leachman,* 309 F.3d at 384.

No plain error has been shown by reason of the district court's imposition of sentence under § 1326(b)(2).

## III. CONCLUSION

In accordance with the foregoing, the judgment and sentence of the district court in this case is AFFIRMED.