NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0621n.06

No. 19-2054

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| DENVER LEE, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

FILED
Nov 03, 2020
DEBORAH S. HUNT, Clerk

BEFORE:     BATCHELDER, STRANCH, and MURPHY, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge.  Denver Lee, charged with being a felon in possession of a firearm, agreed to stipulate that he was a felon and knew of his status so that the government could not introduce evidence of his prior convictions.  However, at trial, Lee took the stand in his own defense and made what the district court found to be "an allegedly false statement" about his previous possession of firearms.  The court thus held that Lee "opened the door" to impeachment evidence and permitted the government to introduce evidence of Lee's 2005 conviction of being a felon in possession of a firearm.  Lee appeals that evidentiary ruling.  He also raises on appeal several *Rehaif*-related claims and the district court's decision to not hold an evidentiary hearing on his ineffective-assistance-of-counsel ("IAC") claim.  For the following reasons, we AFFIRM the judgment of the district court.

**I.**

In February 2018, four Detroit police officers on patrol observed two men, one of whom was Lee, standing between two cars parked in the middle of the street. One of the officers shined the cruiser's spotlight on the men. With the light on him, Lee nervously grabbed the front center pocket of his sweatshirt and quickly walked away. The officers approached Lee and noticed a heavy bulge in his sweatshirt pocket. One of the officers frisked Lee and discovered a loaded firearm (registered to Lena Safadi, described by Lee as his assistant). Another officer then handcuffed Lee. Two other officers witnessed the entire encounter, and body cams worn by two of the officers captured much of the incident.

A federal grand jury indicted Lee for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). The trial was completed before the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019), in which it held that to convict a defendant under 18 U.S.C. § 922(g) for being a felon in possession of a firearm, the government must prove beyond a reasonable doubt that the defendant knew of his prohibited status. *Id.* at 2200 ("We conclude that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."). Because they predated *Rehaif*, neither the indictment nor the jury instructions included the knowledge-of-status element. Lee did not object to either the indictment or to the jury instructions at the time.

Lee stipulated at trial that prior to his arrest, he "had been convicted of a felony, a crime punishable by more than one year in prison, knew that he had been convicted of a felony, and had not had his conviction expunged or his rights restored." The government read that stipulation to the jury during the trial and the district court repeated it when instructing the jury.

2

Before Lee testified in his defense, the government notified Lee and the court that if Lee did testify, it intended to impeach him under Federal Rule of Evidence ("FRE") 609(a) with three of his prior convictions: two convictions for possession with intent to distribute a controlled substance and one conviction—in 2005—for being a felon in possession of a firearm. Initially, the court permitted the government to use only the two controlled-substance convictions because the court was concerned that the 2005 firearm conviction posed a "danger that the jury would consider the evidence as propensity evidence or character evidence, which would be an improper purpose."

Lee then took the stand. Under direct questioning, he testified that: "Lena [Lee's assistant] know I don't want her to have them guns around me. I don't want no guns. She know not to bring no guns around me. . . . She knows I don't have guns around me. I don't do nothing, bro. I don't have nothing around me, because I'm always the hit." After these statements, the government sought permission from the court to introduce Lee's 2005 firearm conviction in order to impeach his testimony that he does not "have guns around [him]." The court permitted the firearm conviction to be introduced, though it noted that its probative value fell "more in the area of Rule 608 than Rule 609 now, because he has made a prior -- he has made an allegedly false statement." Lee's counsel objected immediately. The government questioned Lee about his 2005 firearm conviction, which Lee admitted. The government then asked Lee why he had just "testified on direct that [he doesn't] like to be around firearms." Lee responded that he made that statement "Because of 2005. That's why I don't like to be around guns."

After the defense rested, the court instructed the jury that the evidence about Lee's prior convictions, including the firearm conviction, was for impeachment purposes only, that the

3

evidence could not be used "for any other purpose," and that it was "not evidence that he is guilty of the crime that he is on trial for now." The jury returned a guilty verdict.

Lee moved for a judgment of acquittal and for a new trial, which the district court denied. A month later, Lee hired new counsel. The court permitted Lee to file a second motion for a new trial based on IAC. The court held a hearing on that motion. But upon finding that the record was not fully developed and that under Sixth Circuit precedent "the question of ineffective assistance of counsel ought to be raised on collateral review," the court denied the motion (though the court noted that Lee could later raise the issue in a 28 U.S.C. § 2255 motion). The court sentenced Lee to 180 months, the mandatory minimum under 18 U.S.C. § 924(e), and below the Guidelines range of 210 to 262 months. Lee timely appealed.

## II.

We first address Lee's claim that the district court erred by permitting the government to introduce evidence of his 2005 conviction for being a felon in possession of a firearm. "We review evidentiary rulings for an abuse of discretion." *United States v. Chavez*, 951 F.3d 349, 357-58 (6th Cir. 2020). This means that we ask "whether the district court (1) misunderstood the law (here, the Federal Rules of Evidence), (2) relied on clearly erroneous factual findings, or (3) made a clear error of judgment." *Id*. at 358. And "even if the district court abused its discretion, we may not grant a new trial if the record gives us a 'fair assurance' that the verdict wasn't 'substantially swayed' by the evidentiary error." *Id*. (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)).

At trial, to prevent the government from introducing evidence of his prior convictions, Lee stipulated that he was a felon and knew of his status as such. *See Old Chief v. United States*, 519 U.S. 172, 191–92 (1997). But the district court found that Lee "opened the door" to evidence

4

attacking his character for truthfulness when he testified that "I don't have guns around me." The government then introduced evidence of Lee's prior felon-in-possession conviction in order to impeach his testimony about not being around guns.

Lee argues that because his attorney's line of questioning was focused exclusively on February 15, 2018 (the night of the incident in question), his statements did not open the door to impeachment evidence. Lee first claims that he "was clearly speaking as to what happened that day—not his entire lifetime," and that the government misconstrues these statements as if Lee had stated "he's never been around guns at all." Lee also argues that the court should understand his testimony that "Because of [my] 2005 [conviction]. That's why I don't like to be around guns" meant "that he did not like being around guns in 2018 since his 2005 conviction."

But the district court could reasonably interpret his ambiguous testimony more broadly than his counsel interprets his testimony on appeal. Indeed, counsel's alternative arguments themselves confirm the ambiguity in Lee's testimony. Were Lee's statements about only February 15, 2018? Or were they about his behavior post-2005? The statement "I don't have guns around me," does not, on its own, establish for how long he had not had guns around him, or even if there ever was a time that he had guns around him. The district court was also able to observe Lee's demeanor when making this statement, which could help clarify the message that Lee was trying to convey to the jury. And the record is clear that Lee did previously have guns around him—at least he did in 2005, when he was convicted of being a felon in possession of a firearm. For this reason, we cannot say that the district court abused its discretion in interpreting Lee's statements broadly rather than narrowly, as Lee now urges.

Lee also claims that the admitted evidence unfairly prejudiced him because the probative value was minimal and the risk of prejudice quite high, as he was on trial for the same offense as

that of his 2005 conviction. To be sure, there was a risk that the introduction of Lee's prior firearm conviction might prejudice him. Indeed, the district court initially declined the government's request to introduce evidence of the felon-in-possession conviction for impeachment purposes because of the possibility that the evidence did carry a serious risk of prejudice to Lee. But that assessment, which balanced prejudice concerns with the evidence's probative and impeachment value, changed once the district court found that Lee opened the door.

In order to mitigate the risk of prejudice, the district court properly instructed the jury about the purposes for which the evidence of the prior conviction could and could not be used. While we have held that "sometimes evidence is so prejudicial that the risk of a jury's improper use of the evidence cannot be quashed by a judge's instructions," *United States v. Asher*, 910 F.3d 854, 862 (6th Cir. 2018) (citing *United States v. Jenkins*, 593 F.3d 480, 486 (6th Cir. 2010)), those cases involved the government's seeking to admit evidence to prove an element of the charged offense, not to impeach the defendant's testimony after the defendant "opened the door." Here, we cannot conclude that the government was needlessly "piling on," when other evidence was available. *Cf. Jenkins*, 593 F.3d at 486. Rather, we find that the government was seeking to impeach Lee's testimony that he never had guns around him even though he had previously been convicted of being a felon in possession and thus of *having a gun around him*.

The district court correctly understood FRE 403, 608, and 609, and was cognizant of the risk of prejudice such evidence might create. The court initially prevented the government from introducing the evidence, but reassessed once Lee took the stand and made what the court found to be an "allegedly false statement" that could be impeached by that evidence. The court did not misunderstand the law or rely on any clearly erroneous factual findings, either of which would be sufficient for Lee to prevail. *See Chavez*, 951 F.3d at 358. And, after a careful review of the

record, we cannot say that the district court's reassessment of whether the evidence's prejudice value substantially outweighed its probative value was a "clear error of judgment." *See id*. Consequently, we find that the district court did not abuse its discretion.[1]

**III.**

Lee also brings several *Rehaif*-based claims. In 2019, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. Lee argues that (1) his indictment was faulty, (2) his conviction was based on an improper variance or constructive amendment, (3) the district court lacked subject-matter jurisdiction because no federal offense was charged due to the faulty indictment, (4) the jury instructions were improper, and (5) there was insufficient evidence to support his conviction. We have decided a number of *Rehaif*-based claims over the past year and there is binding circuit precedent on each of Lee's claims. Accordingly, we affirm the judgment of the district court.

**1. Indictment**

"Whether an indictment adequately charges an offense is a question of law subject to *de novo* review." *United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576, 579-80 (6th Cir. 2002). "An indictment adequately charges an offense if it (1) includes the elements of the offense intended to be charged, (2) notifies the defendant of 'what he must be prepared to meet,' and (3) allows the defendant to invoke a former conviction or acquittal in the event of a subsequent prosecution." *Id*.

---

[1] The government also argues that even if the district court did err, the error was harmless because of the overwhelming evidence against Lee, *i.e.*, that three officers witnessed the incident and body camera footage corroborated their testimony and that Lee's only defense was that the officers somehow planted Lee's assistant's gun on him. While an error is harmless when, as here, "the record evidence of guilt is overwhelming," *United States v. Brown*, 888 F.3d 829, 836 (6th Cir. 2018) (citation omitted), we affirm the district court on the grounds that it did not abuse its discretion in admitting the evidence because Lee "opened the door" through his testimony.

at 580 (quoting *Russell v. United States*, 369 U.S. 749, 763-64 (1962)).  But because Lee did not initially challenge his indictment, we review only for plain error.  *United States v. Ward*, 957 F.3d 691, 694 (6th Cir. 2020).  "Thus, we will reverse only if we find (1) error, (2) that was plain or obvious, (3) that affected the defendant's substantial rights, as well as (4) the fairness of the judicial proceedings."  *United States v. Conley*, 802 F. App'x 919, 922 (6th Cir. 2020).  "This standard applies even when the law changes after the district court proceedings."  *Id*.  That is, the error must be plain according to settled circuit law *at the time of appellate review*, whether or not the circuit law was settled at the time of the district court's decision.  *Henderson v. United States*, 568 U.S. 266, 273–74 (2013).  Similarly, if the district court's decision was correct according to settled circuit law at the time, but a subsequent appellate decision changed the law, the appellate court can find the district court's decision erroneous.  *Id.* (citing *Johnson v. United States*, 520 U.S. 461, 468 (1997)).  And "[a]n indictment that was not challenged below is construed liberally in favor of its sufficiency."  *Ward*, 957 F.3d at 695 (internal quotation marks and citation omitted).

Our precedent establishes that a pre-*Rehaif* indictment that does not contain the knowledge-of-status element does not necessarily fail to properly charge a violation of 18 U.S.C. § 922(g).  *See id*. at 694-95.  "[T]he requirement that an indictment allege all of the elements of the offense charged . . . seeks primarily to ensure that an accused is reasonably informed of the charge made against him so that he can prepare a defense."  *Id*. at 694 (quoting *Cor-Bon Custom Bullet Co*., 287 F.3d at 580).  Lee claims that if he had known of the knowledge-of-status element, he could have presented a defense to that element, "possibly beginning with a decision not to take the stand."  But that argument does not explain how Lee's not taking the stand would serve as a defense to the knowledge-of-status element.  And Lee's not taking the stand likely would not be an effective defense because we have held that "where there is clear evidence in the record from which to infer

8

that the defendant knew he was a felon," *id*. at 695, such as in this case where Lee served several years in prison for being a felon in possession of a firearm, "[n]o reasonable juror could have believed that he did not know" of his status, *United States v. Hobbs*, 953 F.3d 853, 858 (6th Cir. 2020). And, finally, "the fact that the defendant in *Rehaif* ultimately prevailed at the Supreme Court demonstrates that [the defendant in this case] could have made a similar objection to the indictment's omission of a knowledge-of-status element, but failed to do so." *Ward*, 957 F.3d at 694-95. So, we cannot say that Lee's substantial rights were affected and thus, on plain-error review, his challenge to his indictment fails.[2] *See id*.

## 2. Improper Variance or Amendment

Because he believes that his indictment was invalid, Lee argues that an improper variance or amendment occurred. That is, because his indictment was missing the knowledge-of-status element, Lee claims that, in effect, he was convicted of a different offense (*i.e.*, the § 922(g)(1) offense that requires proof that the defendant knew of his prohibited status) than the one for which he was indicted. But because we hold that Lee's indictment was proper under § 922(g)(1), he was both indicted and convicted of the same offense, and his improper-variance and constructive-amendment arguments necessarily fail.[3]

---

[2] Lee claims that the government waived any challenge to Lee's grand jury presentment, due process, and double jeopardy arguments that he has made on appeal to challenge his indictment. The government did argue that Lee's indictment adequately charged him with being a felon in possession of a firearm, an argument with which we agree. Because we hold the indictment was valid, we need not address whether the government waived any specific arguments.

[3] Lee argues that the government did not respond to his improper-variance argument and thus waived any challenge. It is true that the government did not respond, or even refer, to Lee's improper-variance and constructive-amendment arguments. But those arguments become relevant only if Lee's indictment was invalid. Because we hold that Lee's indictment adequately charged him with being a felon in possession of a firearm, his improper-variance or constructive-amendment claim must fail.

### 3. Jurisdiction

Similarly, because he believes that his indictment was improper, Lee argues that the district court did not have subject-matter jurisdiction. *See United States v. Martin*, 526 F.3d 926, 934 (6th Cir. 2008) ("To successfully challenge the district court's jurisdiction, a defendant who enters a guilty plea must establish that the face of the indictment failed to charge the elements of a federal offense."). Specifically, Lee argues that "the indictment failed to charge that Lee knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." First, the indictment stated clearly that Lee "knowingly possessed a firearm, that is, a Smith & Wesson .380 caliber handgun," R. 10, Page ID #20, so Lee's claim that the indictment did not charge that he knew he possessed a firearm fails. Second, the pre-*Rehaif* indictment did not charge that Lee knew of his prohibited status, but as we concluded above, Lee's indictment did not contain any plain error. Moreover, even if his indictment were faulty, Lee's jurisdictional argument would still fail because "defects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Indeed, we recently rejected the same jurisdictional argument made by a defendant whose pre-*Rehaif* indictment also did not include the knowledge-of-status element. *See Hobbs*, 953 F.3d at 856-57 (noting that "our sister circuits have rejected the notion that an indictment's failure to allege the 'knowledge-of-status' element required by *Rehaif* deprives the court of jurisdiction" and collecting cases); *see also United States v. Watson*, 820 F. App'x 397, 399 (6th Cir. 2020) (same). We therefore reject Lee's subject-matter-jurisdiction claim as well.

### 4. Jury Instruction

Because Lee did not initially challenge his jury instructions, we again review only for plain error. *Ward*, 957 F.3d at 694. "Thus, we will reverse only if we find (1) error, (2) that was plain

or obvious, (3) that affected the defendant's substantial rights, as well as (4) the fairness of the judicial proceedings." *Conley*, 802 F. App'x at 922.

In light of *Rehaif*, the district court plainly erred by not including the knowledge-of-status element. *See id.* at 923. But our precedent establishes clearly that because of his stipulation and previous criminal history, Lee cannot demonstrate that his substantial rights were affected by the error. "Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it." *Ward*, 957 F.3d at 695 (quoting *Conley*, 802 F. App'x at 923). Here, Lee stipulated that he "had been convicted of a felony, a crime punishable by more than one year in prison, knew that he had been convicted of a felony, and had not had his conviction expunged or his rights restored." So, unlike the defendants in *Conley* and *Ward*, Lee actually stipulated that he *knew* of his felony status, not just that he had been previously convicted of a felony. *Cf. id.*; *Conley*, 802 F. App'x at 923. Moreover, "where there is clear evidence in the record from which to infer that the defendant knew he was a felon, failure to instruct the jury does not affect the defendant's substantial rights or the fairness or integrity of the proceedings." *Ward*, 957 F.3d at 695. As in *Ward*, here "the record 'reveals no reason to think that the government would have had any difficulty at all in offering overwhelming proof that [the defendant] knew that he' was a felon." *Id.* (quoting *United States v. Burghardt*, 939 F.3d 397, 404 (1st Cir. 2019)). In addition to stipulating that he knew of his felon status, Lee served nearly seven years in prison for his 2005 firearm conviction, and "[n]o reasonable juror could have believed that [the defendant] did not know he had been convicted . . . of a crime punishable by imprisonment for a term exceeding one year," when the defendant had previously served a multiple-year stint in prison. *Hobbs*, 953 F.3d at 858 (internal quotation marks and alterations omitted). Accordingly, we find that Lee's jury-instruction challenge fails as well.

11

**5. Sufficiency of the Evidence**

Lee next challenges whether the evidence presented at his trial was sufficient to support his § 922(g) conviction. "When reviewing the sufficiency of the evidence, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Ward*, 957 F.3d at 695 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "In making a sufficiency-of-the-evidence determination, we must draw all reasonable inferences in favor of the government, and we will not 'weigh the evidence, consider the credibility of witnesses, or substitute [our] judgment for that of the jury.'" *Id.* at 695-96 (quoting *United States v. Ferguson*, 23 F.3d 135, 140 (6th Cir. 1994)). The only element that Lee argues that the government failed to prove beyond a reasonable doubt is the knowledge-of-status element.

When the defendant makes "an *Old Chief* stipulation at trial" acknowledging that he is a convicted felon, "[t]he jury could have inferred from these statements that [the defendant] also *knew* that he was a felon." *Id.* at 696 (emphasis added); *see also Conley*, 802 F. App'x at 924 ("[T]he jury was entitled to infer knowledge of prohibited status—the second element—from [the defendant's] stipulation that he had a prior felony conviction."). And, as noted, Lee's *Old Chief* statement exceeded the defendant's stipulation in *Ward*; Lee stipulated not only that he had been convicted of a felony, but that he "knew that he had been convicted of a felony." Lee also had been previously convicted of being a felon in possession of a firearm, which is enough for a jury to infer that Lee knew of his prohibited status. *Conley*, 802 F. App'x at 924 ("At a minimum, the prior conviction for being a felon in possession of a firearm proved beyond a reasonable doubt that [the defendant] had the knowledge required by *Rehaif*." (cleaned up) (quoting *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019))). We therefore find that there was more than

sufficient evidence to support proof beyond a reasonable doubt that Lee knew of his prohibited status. Because this is the only element that Lee challenges on appeal, Lee's sufficiency-of-the-evidence claim fails.

## IV.

Finally, we turn to Lee's claim that the district court erred by declining to hold an evidentiary hearing on Lee's IAC claim until after his direct appeal. Lee is not bringing an IAC claim in this appeal; he challenges only the district court's decision to deny his motion for an evidentiary hearing to develop the record on the IAC issue. "We review the denial of an evidentiary hearing for abuse of discretion." *United States v. Saunders*, 178 F. App'x 484, 488 (6th Cir. 2006) (explaining that "whether the district court erred in failing to hold an evidentiary hearing is before us, not whether [the defendant's] counsel was actually ineffective"). "A district court abuses its discretion where it 'relies on clearly erroneous findings of fact, improperly applies the law or uses an erroneous legal standard.'" *Id.* (quoting *United States v. Dixon*, 413 F.3d 540, 544 (6th Cir. 2005)).

As Lee acknowledges, the Sixth Circuit's general rule is that we "typically do not address ineffective assistance of counsel claims on direct appeal because the record bearing on that allegation has not yet been sufficiently developed." *Conley*, 802 F. App'x at 924 (declining to review the defendant's "ineffective assistance arguments at this juncture because he can raise them in a § 2255 motion"). But "[a]n exception to this principle exists for cases in which the record is adequately developed to allow the court to properly assess the merits of the issue." *United States v. Fortson*, 194 F.3d 730, 736 (6th Cir. 1999).

Lee argues that, with an evidentiary hearing, the record could have been developed. Lee's main contention is that the district court was wrong to reason that Sixth Circuit precedent *required*

it not to hold an evidentiary hearing and that the court abused its discretion by applying the wrong

legal standard (*i.e.*, by finding that it was *required* to deny Lee's motion to have an evidentiary

hearing). But the district court did not state that it was required to deny the motion for an

evidentiary hearing; the court instead concluded that it would be more appropriate to have the issue

considered on collateral review.

> Here is the district court's explanation in full:

> The Sixth Circuit has basically said that the question of ineffective assistance of counsel ought to be raised on collateral review. There are certain exceptions to that rule, but they are very narrow exceptions, and that is generally when there is a -- when the question can be decided without developing a record or when it is apparent from the record that the performance was so lopsided that that call can be made.

> Now, the Supreme Court, in the case of [*Massaro v. United States*] decided in 2003, was urged by the Government to adopt a per se rule, hard and fast, that ineffective assistance of counsel claims cannot be raised except on -- under 2255 motions, and the Supreme Court said that it would not go that far.

> But the Court did note that it did not hold, quoting, "That ineffective assistance claims must be reserved for collateral review. There may be cases in which trial counsel's ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise the issue on direct appeal. There may be instances, too, when obvious deficiencies in representation will be addressed by an appellate court sua sponte."

> In those cases, the claim ought to be raised or can be raised on direct review or in a motion before the trial court, but this is not one of those cases. The Sixth Circuit has taken a more restrictive approach allowing for the fact that a motion based on ineffective assistance of counsel could be raised in the trial court or the issue can be addressed on direct review. But the vast majority of cases and the clear preference is to handle those in a collateral motion, such as a motion under Section 2255.

> And the reason is because, as is manifest here, many times an evidentiary record has to be developed. Trial counsel, who may or may not be the same, needs to be interviewed. If there are witnesses, those witnesses have to be interviewed and questions raised as to whether there was an adequate investigation whether the witness has something to say that could be helpful to the defense. And so both on the question of deficient performance and prejudice, an evidentiary record needs to be developed, and I would emphasize that this case is pretty much the archetype for such a situation.

> So I'm going to deny the motion for new trial under Rule 33 without prejudice. Mr. Lee is free to raise this issue again in a motion filed under Section 2255 of Title 28.

R. 90, Page ID #1179-80 (citing *Massaro v. United States*, 538 U.S. 500, 508 (2003)).

The district court did not claim that it was required to not hold an evidentiary hearing. The district court instead discussed the rationale behind this court's general rule that IAC claims be reserved for collateral review rather than heard on direct appeal and found that those reasons applied to this case as well. Furthermore, Lee does not cite any case or other authority for the proposition that a district court's alleged misunderstanding that it was required—as opposed to permitted or encouraged—not to hold a hearing is a mistake that would qualify as an abuse of discretion. Because the district court accurately summarized the Supreme Court's and this court's precedent, and properly followed that precedent, we find that the court did not "improperly appl[y] the law or use[] an erroneous legal standard." *Dixon*, 413 F.3d at 544. Accordingly, we find that the court did not abuse its discretion by declining to hold an evidentiary hearing on Lee's IAC claim. This holding does not prevent Lee from later bringing his IAC claim on collateral review.

**V.**

For the foregoing reasons, we AFFIRM the judgment of the district court.