RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 20a0087p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

                    *Plaintiff-Appellee*,

    *v.*

                    No. 19-3343

ISAAC L. HOBBS,

                    *Defendant-Appellant*.

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:17-cr-00280-1—Benita Y. Pearson, District Judge.

Decided and Filed: March 20, 2020

Before: STRANCH, BUSH, and LARSEN, Circuit Judges.

───────────────

**COUNSEL**

**ON BRIEF:** Michael D. Meuti, Kristen-Elise F. DePizzo, BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP, Cleveland, Ohio, for Appellant. Brian M. McDonough, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

───────────────

**OPINION**

───────────────

LARSEN, Circuit Judge. Isaac Hobbs pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court accepted his plea and, finding Hobbs to be an armed career criminal, sentenced Hobbs to fifteen years' imprisonment. *See* 18 U.S.C. § 924(e). Hobbs appealed. While his appeal was pending, the Supreme Court decided *Rehaif v. United States*, which held that, to obtain a conviction under § 922(g), the government must prove that the defendant "knew he belonged to the relevant category of persons barred from

possessing a firearm." 139 S. Ct. 2191, 2200 (2019).  Here, that would require proof that Hobbs knew he was a felon.  Hobbs now challenges the district court's jurisdiction and the validity of his plea, basing these claims on *Rehaif*.  Because *Rehaif* does not support Hobbs's challenges, we AFFIRM.

I.

Hobbs pleaded guilty on an indictment charging him with violating 18 U.S.C. § 922(g)(1), which forbids felons to possess firearms.  The indictment reads, in relevant part: "[Hobbs], having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, . . . did knowingly possess in and affecting interstate commerce a firearm."  The indictment listed three predicate felonies:  Assault on a Peace Officer, Attempted Felonious Assault, and Aggravated Robbery with Firearm Specification.  Hobbs had served a six-year sentence for the aggravated-robbery conviction.

Hobbs pleaded guilty to the indictment's charge pursuant to a written plea agreement.  Based on Hobbs's prior convictions, the district court determined that Hobbs was an armed career criminal under § 924(e) and sentenced him to the statutory minimum, fifteen years' imprisonment.  Hobbs filed a timely notice of appeal.

After Hobbs filed his appeal, the Supreme Court decided *Rehaif*, which held that to obtain a conviction under § 922(g), "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  139 S. Ct. at 2200.  This court only recently recognized the latter mens rea requirement, however, *see United States v. Conley*, __F. App'x__, 2020 WL 571324, at *2 (6th Cir. Feb. 5, 2020), so Hobbs's indictment did not expressly allege it and the district court did not advise him of it when taking his guilty plea.

Hobbs now argues that the indictment was deficient because it failed explicitly to allege that Hobbs knew he was a felon.  This indictment defect, he argues, deprived the district court of jurisdiction over his case and requires that we dismiss the indictment and vacate his conviction and sentence.  In the alternative, Hobbs argues that his plea was not knowing and voluntary

because the district court took his plea without informing him that knowledge of his felon status was an element of the offense.  Neither argument has merit.

## II.

*Jurisdictional Challenge*.  Hobbs first challenges the district court's jurisdiction.  To establish a § 922(g)(1) violation after *Rehaif*, the government must show that Hobbs knew the facts underlying his status.  139 S. Ct. at 2198.  That is, the government must prove that Hobbs knew that he had "been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year."  18 U.S.C. § 922(g)(1); *see also United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019), *cert. denied sub nom. Hope v. United States*, 140 S. Ct. 814 (2020) (concluding that "in a prosecution under § 922(g)(3)" after *Rehaif*, the government "must prove that defendants knew they were unlawful users of a controlled substance, but not . . . that they knew unlawful users of controlled substances were prohibited from possessing firearms under federal law").  Hobbs claims that, because the indictment did not allege this knowledge, the indictment "fail[ed] to charge any federal offense."  He argues that this indictment defect deprived the district court of subject matter jurisdiction over his case.

This argument is foreclosed by the Supreme Court's decision in *United States v. Cotton*, 535 U.S. 625 (2002), and by our earlier opinion in *United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576 (6th Cir. 2002).  In *Cotton*, the Supreme Court rejected the argument that failure to charge a sentence-enhancing drug quantity—an *Apprendi* element—deprived the court of jurisdiction, declaring "that defects in an indictment do not deprive a court of its power to adjudicate a case."  *Cotton*, 535 U.S. at 630.  Before *Cotton,* our court in *Cor-Bon* held the same.  There, following a "majority of the circuits," we "rejected the notion that the failure of an indictment to allege an element of an offense charged prevents a district court from having subject-matter jurisdiction."  287 F.3d at 581.

Hobbs seeks to distinguish *Cotton* on the ground that *Cotton* involved the omission of an *Apprendi* element—a sentence-enhancing drug quantity.  Even without that element, Hobbs argues, the indictment in *Cotton* still charged a federal narcotics offense, just one that carried a lower penalty.  Hobbs contends that his case is different because, without the knowledge element

demanded by *Rehaif*, his indictment charged him with no crime at all.  That, Hobbs argues, deprived the court of jurisdiction.  We disagree.

Nothing in *Cotton* purported to limit its reasoning to the omission of *Apprendi* elements. Instead, *Cotton* broadly rejected "the view that indictment omissions deprive a court of jurisdiction."  535 U.S. at 631.  Moreover, as Hobbs acknowledges, our own binding decision in *Cor-Bon* involved a non-*Apprendi* element—"the failure of the indictment to allege affirmative acts of [tax] evasion."  287 F.3d at 581.  Finally, we note that our sister circuits have rejected the notion that an indictment's failure to allege the "knowledge-of-status" element required by *Rehaif* deprives the court of jurisdiction.  *See United States v. Balde*, 943 F.3d 73, 92 (2d Cir. 2019); *United States v. Burghardt,* 939 F.3d 397, 402 (1st Cir. 2019).  That rule extends to other mens rea elements as well.  *See United States v. Ketchen*, 877 F.3d 429, 433 n.2 (1st Cir. 2017) (noting that a "failure adequately to plead scienter in the indictment" is a "non-jurisdictional" defect); *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) ("Brown alleges that the indictment was defective on its face because Count One did not include the required mens rea, an essential element of the § 473 crime. . . . [W]e agree with the government that this type of indictment defect is not jurisdictional.").  To the extent that Hobbs's indictment may have been deficient, it did not deprive the district court of jurisdiction.[1]

*Plea Challenge*.  Next, Hobbs challenges his plea.  He claims that because neither the indictment, his plea agreement, nor his change-of-plea hearing made any reference to the knowledge-of-status element, he did not have "notice of the true nature of the charge against him" and so his plea was not knowing and voluntary.  Appellant Br. at 17–18 (quoting *Bousley v. United States*, 523 U.S. 614, 618 (1998)).  But, as Hobbs acknowledges, he raised no objection below; we therefore review this challenge for plain error.  *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

To prevail on plain error, Hobbs must identify "an '(1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings.'"  *United States v. Crawford*, 943 F.3d 297, 308 (6th Cir.

---

[1]Because Hobbs only challenged the indictment on jurisdictional grounds, we do not otherwise consider its sufficiency.

2019) (quoting *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc)).  An error affects a defendant's substantial rights if there is "'a reasonable probability that, but for the error,' the outcome of the proceeding would have been different."  *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (quoting *Dominguez Benitez*, 542 U.S. at 76, 82).  The defendant bears the burden of establishing that reasonable probability.  *Id.*  Hobbs has not done so.

To establish the required prejudice, Hobbs must demonstrate "a reasonable probability that, but for the [alleged failure to inform him of the knowledge-of-status element], he would not have entered the plea."  *Dominguez Benitez*, 542 U.S. at 76.  Hobbs candidly acknowledges that "the record in this case may not reveal as much."  Instead, Hobbs's reply brief states that he now "has informed [appellate] counsel that, if the indictment had properly alleged the knowledge-of-status element, he would have chosen not to plead guilty, but instead, to put the Government to its burden of proof."  Appellant Reply Br. at 8.  That is insufficient.  The Supreme Court has cautioned that "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded," but "should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences."  *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).  Here, as Hobbs has acknowledged, no contemporaneous evidence suggests that he would have rejected the plea deal had the indictment contained the knowledge-of-status element.

That is unsurprising.  "Put[ting] the Government to its burden of proof," Appellant Reply Br. at 8, would have cost Hobbs the potential benefit of his plea without gaining him anything.  It would have been exceedingly easy for the government to prove at trial that Hobbs knew he was a felon when he committed the firearms offense.  Hobbs had previously been convicted of aggravated robbery in Ohio and had *served* six years in prison for that offense.  No reasonable juror could have believed that he did not know he had "been convicted . . . of[] a crime punishable by imprisonment for a term exceeding one year."  18 U.S.C. § 922(g)(1).  The Supreme Court has cautioned that "a defendant facing such long odds will rarely be able to show prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial. . . .  Where a defendant has no plausible chance of an acquittal at trial, it is highly

likely that he will accept a plea if the Government offers one." *Lee*, 137 S. Ct. at 1966. It is true, of course, that "unusual circumstances" exist. *Id.* at 1967. And where "contemporaneous evidence" makes it reasonably probable that the defendant would have opted for trial despite the long odds, *id.*, "it is no matter that the choice may have been foolish." *Dominguez Benetiz*, 542 U.S. at 85. But here, Hobbs admits that no such record exists. He has not shown, therefore, a reasonable probability that he would not have entered his plea if he had been told of § 922(g)'s knowledge-of-status requirement.

* * *

For the reasons stated, we AFFIRM the judgment of the district court.