**NOT RECOMMENDED FOR PUBLICATION**
File Name: 21a0044n.06

**No. 19-6449**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 22, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| MARCUS FRANKLIN, | ) | |
| | ) | |
| Defendant-Appellant. | ) | **OPINION** |
| | ) | |
| | ) | |

**Before: CLAY, GILMAN and THAPAR, Circuit Judges.**

**CLAY, Circuit Judge.** Defendant Marcus Franklin pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and received a 100-month sentence. He appeals his conviction and sentence, challenging the district court's resolution of an evidentiary motion in limine, the sufficiency of his indictment, and the calculation of his base offense level under the Sentencing Guidelines. Because Defendant's arguments as to his conviction were either forfeited by his plea or waived by subsequent agreement, and his challenge to his sentence is foreclosed by precedent, we **DISMISS** Defendant's appeal of his conviction and **AFFIRM** his sentence.

Defendant forfeited any appeal of the district court's adverse motion in limine determinations. Under Federal Rule of Criminal Procedure 11(a)(2), "the right to have an adverse determination on a pretrial motion preserved for appellate review [must] be reserved in writing." *United States v. Ferguson*, 669 F.3d 756, 764 (6th Cir. 2012). In this case, Defendant pleaded

guilty after the district court granted the government's motion in limine to allow the prosecution to introduce evidence of Defendant's out-of-court admission. Defendant acknowledges that there was no plea agreement nor any effort, whether written or oral, to preserve this issue for appellate review. It is therefore undisputed that Defendant changed his plea without any plea agreement, let alone one that "reserv[ed] in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Fed. R. Crim. P. 11(a)(2). Accordingly, he has forfeited his right to appeal the district court's evidentiary ruling. *See United States v. Vasquez-Martinez*, 616 F.3d 600, 604–05 (6th Cir. 2010).

Defendant's unconditional plea also forfeited his challenge to the sufficiency of his indictment. On appeal, he argues that the indictment charging him with being a felon in possession of a firearm was constitutionally deficient because it did not include as an essential element of the offense his knowledge of felon status, as required under *United States v. Rehaif*, 139 S. Ct. 2191 (2019). Defendant explicitly disclaims any contention that this alleged defect deprived the district court of subject matter jurisdiction. It is also clear that any such jurisdictional argument is squarely foreclosed by this Court's decision in *United States v. Hobbs*, 953 F.3d 853 (6th Cir. 2020). Since this Court has long recognized that an unconditional plea forfeits a defendant's non-jurisdictional arguments as to his indictment, Defendant's challenge to the sufficiency of his indictment on *Rehaif* grounds has not been preserved for appellate review. *See United States v. Pickett*, 941 F.2d 411, 416–17 (6th Cir. 1991).

Review of Defendant's challenge to his indictment on *Rehaif* grounds is not appropriate for an additional reason—he explicitly waived any such argument in return for the government's

agreement to recommend a sentence at the low end of the guidelines range. "[W]aiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks and citations omitted). Before the district court, Defendant explicitly averred that he could have withdrawn his plea based on *Rehaif*, but that he had agreed not to in exchange for the government's agreement to recommend a 100-month sentence. At sentencing, the government did recommend a 100-month sentence, and the district court determined that 100 months was the appropriate sentence. Defendant does not offer any caselaw to support his argument that the prosecutor's agreement to recommend a sentence at the low end of the guidelines range was "illusory." Accordingly, Defendant has forfeited and waived any *Rehaif* challenge to his conviction.

Defendant concedes that his challenge to the calculation of his base offense level is foreclosed by our decision in *United States v. Garth*, 965 F.3d 493 (6th Cir. 2020). In that decision, we held that convictions, like Defendant's, under Tenn. Code Ann. § 39-17-417 for possession with intent to distribute a controlled substance constitute controlled substance offenses under the Sentencing Guidelines.

For the reasons set forth above, we **DISMISS** the appeal of Defendant's conviction and **AFFIRM** his sentence.