NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0523n.06

No. 19-4215

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CORNELL CLISBY, | ) | **FILED** |
| | ) | Nov 16, 2021 |
| Petitioner-Appellant, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| UNITED STATES OF AMERICA, | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

Before: COLE, GIBBONS, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Cornell Clisby pleaded guilty to one count of conspiracy to distribute heroin under federal law. He later filed a motion to vacate his sentence under 28 U.S.C. § 2255, asserting that his counsel was ineffective during plea bargaining. The district court denied his motion. We AFFIRM.

**I.**

Clisby and several others were indicted for one count of conspiring to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 846. During plea negotiations, Clisby expressed reservations about the proposed plea bargain's statement of facts and hesitated to sign the agreement. But Clisby's counsel, Clyde Bennett, assured him that if any part of the statement of facts appeared in the presentence report (PSR), Clisby could object to it and seek its removal. Clisby then pleaded guilty. He acknowledged, under the terms of his agreement, the truth of the statement of facts.

While awaiting sentencing, Clisby talked to fellow inmate Robert Braggs. Braggs warned Clisby that his statement of facts could result in a more severe sentence than he anticipated and that any objection would likely be futile. Braggs recommended that Clisby withdraw his plea or at least ask that the statement of facts be amended. Braggs also wrote a letter to Bennett along the same lines. Clisby then spoke to Bennett about withdrawing his plea, but Bennett told him that it was not in Clisby's best interest to withdraw. No motion to withdraw was filed.

At sentencing, the district court applied several enhancements over Clisby's objections. In particular, the district court applied a two-level enhancement for committing the offense as part of a pattern of criminal conduct engaged in as livelihood under U.S.S.G. § 2D1.1(b)(16)(E) and a four-level leadership enhancement under U.S.S.G. § 3B1.1(a). The district court relied, in part, on Clisby's statement of facts in making that determination, although it is unclear which particular facts the court relied on. The district court sentenced Clisby to 408 months' imprisonment. Clisby appealed his two-level firearm enhancement, but this court affirmed his sentence. *United States v. Clisby*, 636 F. App'x 243 (6th Cir. 2016).

Clisby subsequently filed a § 2255 motion to vacate his sentence, asserting that his counsel was ineffective for advising him that he could object to and remove facts from his plea agreement. The district court denied his § 2255 motion on the ground that Clisby had failed to satisfy the prejudice prong of his ineffective assistance of counsel claim. Even if Clisby could show that Bennett's performance was deficient, the district court reasoned, Clisby's claim failed because he provided no evidence that, if he had been differently advised, he would have rejected the plea bargain and insisted on going to trial. The district court did not issue a certificate of appealability, but this court did. Clisby now appeals.

## II.

### A.

We review the denial of a § 2255 motion de novo. *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006). That same de novo standard also applies to the district court's ultimate conclusion on the ineffective assistance claim. *Id.* We review the district court's underlying factual findings for clear error. *Id.*

To prevail on an ineffective assistance of counsel claim, Clisby must satisfy the two-pronged test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). First, Clisby "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Second, he must show prejudice, that is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.*

We may address *Strickland*'s prongs in any order, and we need not address both prongs "if [Clisby] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. Because Clisby has not shown prejudice, we do not address the performance prong.

### B.

Clisby argues that his counsel was ineffective for advising him that he could object to, and remove from his plea agreement, facts that he claims the district court later relied upon in enhancing his sentence.[1] But his only claim of prejudice on appeal is that, had he been properly

---

[1] Clisby also briefly suggests, for the first time on appeal, that Bennett was ineffective for advising him to decline a plea offer of fifteen years and, instead, to opt for an open plea. But Clisby does not provide citations to the record for his assertions, nor does he apply *Strickland* to

advised, there is a "reasonable probability that . . . he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). He has not made that showing. Although Clisby's appellate brief claims that he would have gone to trial if he had gotten different advice, that assertion is insufficient for Clisby to succeed on this claim now. *Shimel v. Warren*, 838 F.3d 685, 698 (6th Cir. 2016). "The Supreme Court has cautioned that '[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded,' but 'should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences.'" *United States v. Hobbs*, 953 F.3d 853, 857 (6th Cir. 2020) (quoting *Lee*, 137 S. Ct. at 1967).

As contemporaneous evidence, Clisby highlights that he asked Bennett to move to withdraw his plea once he learned that his statement of facts could enhance his sentence. A defendant's efforts to withdraw a guilty plea may sometimes be evidence of prejudice. *See Gonzalez v. United States*, 722 F.3d 118, 133 (2d Cir. 2013) ("[T]he fact that an attempt was made to withdraw the guilty plea and go to trial may not be dispositive on the issue of [ineffective assistance of counsel] prejudice," but "it is a factor that must be considered by the court in assessing whether there is a reasonable probability that but for substandard performance by counsel, the defendant would have chosen to eschew the plea and go to trial."); *United States v. Dominguez*, 998 F.3d 1094, 1119 (10th Cir. 2021) ("We do not question that, under certain circumstances, a defendant's affirmative efforts to withdraw his guilty plea—upon receiving reasonably competent advice from counsel—may be a relevant factor in assessing whether counsel's allegedly deficient pre-plea advice prejudiced the defendant under *Strickland*.").

---

this claim. Under this court's caselaw, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation" are forfeited. *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996).

But here, Clisby has not shown that he would have insisted on going to trial—even if he had successfully withdrawn his plea. For starters, he never asserted that he wanted to go to trial; not contemporaneous with his plea, or even in his § 2255 motion and accompanying affidavit. And the evidence indicates that rather than wanting to proceed to trial, Clisby wanted to plead guilty with a more favorable statement of facts. For example, Clisby stated that he "was never told [he] could enter a plea in [his] case without signing a statement of facts," but "would have done so" if he had been told. Braggs' letter to Clisby's counsel stated that he thought Clisby should attempt to enter a plea "based on a corrected statement of facts." Moreover, Clisby has never suggested that he had any viable defense. *See Lee*, 137 S. Ct. at 1966 ("A defendant without any viable defense will be highly likely to lose at trial. And a defendant facing such long odds will rarely be able to show prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial."). He suggests only that, had he gone to trial, his co-defendants (all of whom had pleaded guilty) might not have testified consistently with their own statements of facts and presentence reports, which implicated Clisby. Clisby speculates that these witnesses might have "stumble[d]," failed to "remember," or been "impeached." Such wishful conjecture about what might have transpired at trial fails to show prejudice.

Clisby further claims that there was no benefit to the guilty plea because he received the same sentence that he would have received had he gone to trial and lost. But that is incorrect. By agreeing to the plea bargain, Clisby received an acceptance-of-responsibility reduction. The government also agreed not to file any additional charges for non-violent crimes and agreed to consider a downward departure under U.S.S.G. § 5K1.1 or a motion under Federal Rule of Criminal Procedure 35(b) for his cooperation in the investigation. Thus, he received several benefits from his plea bargain that made it rational to plead guilty rather than face the greater

consequences of a guilty verdict. *Lee*, 137 S. Ct. at 1966 ("The decision whether to plead guilty . . . involves assessing the respective consequences of a conviction after trial and by plea.")

Finally, Clisby argues that his case is analogous to *Lee*. In *Lee*, the defendant sought to vacate his conviction based on his counsel's incorrect advice that the government would not deport him if he pleaded guilty. 137 S. Ct. at 1962. The Supreme Court found that "in the unusual circumstances of [that] case," the defendant could show prejudice even though "his prospects of acquittal at trial were grim." *Id.* at 1965–67. That was because "substantial and uncontroverted evidence" showed that deportation was the "determinative issue" for Lee in deciding to plead guilty. *Id.* at 1968–69. He had "strong connections to this country and no other," and "the consequences of taking a chance at trial were not markedly harsher than pleading." *Id.* at 1968–69. In such a rare situation, the Court found that the defendant had established a reasonable probability that, had he known that deportation might result, he would have rejected any plea and taken a chance on a trial. *Id.* But here Clisby has not presented any "unusual circumstances," like the singularly strong interest in avoiding deportation at issue in *Lee*. Instead, as his appellate brief acknowledges, Clisby's interest was simply to "avoid a long prison term." Nothing in the record suggests that going to trial would have furthered that objective, or that Clisby ever expressed any desire to proceed to trial despite the "long odds." *Id.* at 1966. In sum, Clisby has not shown a "reasonable probability that . . . he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 1965 (quoting *Hill*, 474 U.S. at 59).

\* \* \*

For the reasons stated, we AFFIRM the district court's denial of Clisby's § 2255 petition.