NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0561n.06

No. 23-5429

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Dec 05, 2025

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE |
| v. | ) ) ) | WESTERN DISTRICT OF TENNESSEE |
| GARY CRAWFORD, | ) | |
| Defendant-Appellant. | ) ) ) | OPINION |

Before: STRANCH, BUSH, and DAVIS, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** Gary Crawford appeals his conviction under 18 U.S.C. § 922(g)(1), arguing it violated the Commerce Clause and the Second Amendment. Because he did not object below, we review only for plain error. Binding precedent forecloses the Commerce Clause argument. His Second Amendment as-applied challenge fails based on our caselaw and prior convictions showing his dangerousness. We therefore **AFFIRM**.

**I.**

Gary Crawford has a long, mostly violent criminal record. It began at the age of sixteen, with convictions for criminally negligent homicide and reckless endangerment: he fired a handgun into a crowd and killed someone. In his early twenties came several more convictions, including one for simple possession of marijuana and two for possessing it with intent to distribute. His twenty-second year brought a domestic assault conviction for punching his girlfriend under her left eye.

When Crawford was twenty-four, that same girlfriend contacted law enforcement, alleging that he had punched her in the face, repeatedly choked her, and threatened to kill her. A handgun found at the scene led to his conviction for possession of a firearm as a convicted felon and a sentence of seventy months' imprisonment followed by three years' supervised release.

While incarcerated, Crawford repeatedly violated prison rules. Among other infractions, he twice possessed a dangerous weapon.

In January 2021, he began his supervised release. But Crawford's time in the free world did not last long. On October 27, 2021, the Memphis Police Department received a report of a man walking down a street waiving a machete and firing a handgun into the air. It was Crawford.

He became irate when officers arrived on the scene and attempted to speak with him. He screamed while brandishing his handgun back and forth. The officers drew their weapons. Crawford eventually lowered his handgun, sat down, and placed the gun on his lap. The officers repeatedly ordered him to give up possession of the handgun, but he did not comply. In time, though, Crawford stood up, at which point the gun slid off his lap and onto the ground. He then walked toward the officers and began taking off his clothes. The officers promptly tackled Crawford and took him into custody.

The jury found Crawford guilty of violating 18 U.S.C. § 922(g)(1) based on his possession of a firearm as a convicted felon. The district court sentenced him to 100 months' imprisonment. Crawford now appeals his conviction.

## II.

Crawford admits that he did not raise his constitutional challenges in the district court, so we review his conviction for plain error. *United States v. Johnson*, 95 F.4th 404, 415 (6th Cir. 2024). That means Crawford must show "(1) an error, (2) that was 'plain,' (3) that affected [his]

'substantial rights,' and (4) that seriously impacted 'the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 416 (quoting *Greer v. United States*, 593 U.S. 503, 507–08 (2021)). An error is plain when it is clear under current law at the time of appellate consideration. *Johnson v. United States*, 520 U.S. 461, 467–68 (1997); *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015). "An error affects a defendant's substantial rights if there is '"a reasonable probability that, but for the error," the outcome of the proceeding would have been different.'" *United States v. Hobbs*, 953 F.3d 853, 857 (6th Cir. 2020) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016)).

We begin with Crawford's Commerce Clause challenge. He seeks to preserve the argument "that 18 U.S.C. § 922(g)(1) is unconstitutional because it fails to require that a felon's possession of a firearm substantially affect interstate commerce." But, as he concedes, our precedent forecloses this argument. *See United States v. Chesney*, 86 F.3d 564, 570 (6th Cir. 1996) ("§ 922(g)(1) clearly contains a 'jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce.'" (quoting *United States v. Lopez*, 514 U.S. 549, 561 (1995))).

Crawford's as-applied Second Amendment challenge does not fare much better. He argues that his right to bear arms precludes the government from prosecuting him for possessing a firearm because—despite being a felon convicted of misusing a weapon—he is not a dangerous individual. He asks us to vacate his conviction and remand the case for a dangerousness determination to be made by the district court or, better yet, a jury.

Our caselaw forecloses this argument, too. In *United States v. Williams*, we held that § 922(g)(1) is facially constitutional, while contemplating that it "might be susceptible to an as-applied challenge in certain cases." 113 F.4th 637, 657 (6th Cir. 2024). But the general

principles we provided for resolving those as-applied challenges do not support Crawford's argument. In fact, they confirm that the district court did not plainly err.

First, *Williams* placed the burden of proving non-dangerousness squarely on the defendant—a burden that is "very difficult" to meet when the defendant was previously convicted of a "crime 'against the body of another human being'" like "murder, rape, assault, and robbery." *Id.* at 663. And Crawford has been convicted of such a crime: criminally negligent homicide. Crawford's only argument on this point is that he committed the homicide when he was sixteen, and people tend to get less dangerous as they age. But he correctly recognizes that this argument finds no purchase in *Williams*. While some district courts applying *Williams* have contemplated that juvenile offenses may be less indicative of lasting dangerousness, *see United States v. Wynn*, No. 23-cr-29, --- F. Supp. 3d ---, 2025 WL 2602605, at *8–9 (E.D. Tenn. June 23, 2025); *United States v. Green*, No. 23-cr-20506, 2024 WL 4469090, at *4 (E.D. Mich. Oct. 10, 2024), controlling precedent from this court has never suggested—much less held—the same. So even if the failure to consider Crawford's age at the time of his homicide conviction constitutes error, such error is far from clear under current law.

Second, *Williams* outlined another category of crimes that may "pose a significant threat of danger" despite "not always involv[ing] an immediate and direct threat of violence against a particular person." *Williams*, 113 F.4th at 659. Chief among these is drug trafficking. *See id.* Crawford has two such convictions. Crawford argues that these convictions do not evidence dangerousness because they did not involve violence, firearms, or a large amount of marijuana. But that argument is not convincing because a specific instance of drug trafficking does not need to involve violence, or even an immediate threat of violence, to pose a significant threat of danger. *Id.* And Crawford's argument does not properly contextualize his trafficking convictions.

4

Crawford, who had been convicted of homicide as a juvenile, chose to repeatedly commit crimes that "pose a significant threat of danger," *id.*, several years into his adulthood. His trafficking convictions are part of a broader pattern of serious criminal conduct that establishes his continuing dangerousness.

Third, Crawford's domestic-violence conviction is significant independent evidence of his dangerousness. *Id.* at 658, 660. We have held that Congress can lawfully "deprive people with domestic-violence convictions from possessing firearms." *United States v. Gailes*, 118 F.4th 822, 827 (6th Cir. 2024). And we frequently have found domestic-violence convictions highly probative of dangerousness in reviewing as-applied challenges under *Williams*. *See, e.g.*, *United States v. Martin*, No. 24-3750, 2025 WL 1913185, at *3 (6th Cir. July 11, 2025); *United States v. Watson*, No. 24-3002, 2025 WL 833246, at *2 (6th Cir. Mar. 17, 2025); *United States v. Morton*, 123 F.4th 492, 499 (6th Cir. 2024); *United States v. Wellington*, No. 24-3151, 2024 WL 4977138, at *2 (6th Cir. Dec. 4, 2024). The government correctly points to this conviction as evidence of Crawford's dangerousness.

When assessing past convictions for evidence of dangerousness, "we are not confined to the fact of conviction alone, but may consider how an offense was committed." *Morton*, 123 F.4th at 499. And the facts underlying Crawford's domestic-violence conviction—he punched his girlfriend in the face—show that the conviction was exactly the type of "crime against the person" that *Williams* considered the most probative evidence of dangerousness. *See Martin*, 2025 WL 1913185, at *3 (finding that a domestic-violence conviction involving "pushing and repeatedly punching the mother of [the defendant's] children" "squarely fit[] *Williams*' definition of 'dangerous' because it 'demonstrate[d] . . . that he has committed violent crimes against the person'" (quoting *Morton*, 123 F.4th at 500)). Notably, Crawford does not address his

domestic-violence conviction in his briefing. But it is difficult to imagine any argument that would mitigate the probative effect of this conviction.

Moreover, Crawford's previous felon-in-possession conviction involved alleged domestic violence. There, officers responded to a call from the victim of Crawford's previous domestic-violence conviction, claiming Crawford again punched her in the face, choked her, threatened to kill her, and brandished a handgun. This kind of underlying conduct is highly probative of dangerousness. *See Morton*, 123 F.4th at 499 (finding criminal history demonstrated dangerousness when it contained, *inter alia*, a felon-in-possession conviction stemming from a domestic-violence incident). While Crawford does not directly address this conduct in his briefing, he does broadly argue that considering the underlying conduct of a prior felon-in-possession offense is inappropriate. But *Morton* explicitly allows such consideration. *Id.* So, Crawford's argument is unconvincing.

Simply put, the district court's failure to make an explicit dangerousness determination did not affect Crawford's substantial rights. There is enough evidence in his criminal history for any reasonable factfinder to determine that he is a dangerous person. Crawford's Second Amendment challenge therefore fails.

**III.**

For the foregoing reasons, we **AFFIRM** the judgment of the district court.