NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0183n.06

Case No. 24-6139

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| v. | ) | |
| JOISADE WILFORD, | ) | |
| Defendant-Appellant. | ) | OPINION |

FILED
Apr 22, 2026
KELLY L. STEPHENS, Clerk

Before: CLAY, McKEAGUE, and NALBANDIAN, Circuit Judges.

**NALBANDIAN, Circuit Judge.** Joisade Wilford asks the court to vacate her conviction for using and carrying a firearm during and in relation to a drug trafficking crime. Wilford pleaded guilty to that charge but now brings four challenges to her conviction. She argues that her plea colloquy was invalid, her plea was involuntary, the factual basis of her plea was insufficient, and that she is innocent. Because we find no error, we AFFIRM.

I.

In April 2021, federal, state, and local law enforcement started investigating suspected gun and drug crimes by a group that included Wilford in and around Nashville. Officers believed that Brandon Long, Wilford's co-defendant and boyfriend at the time, led the group and supplied large amounts of fentanyl, methamphetamine, heroin, and marijuana. Officers regularly observed Wilford and other group members at two homes—4737 Terragon Trail and 2948 Mossdale Drive—where group members prepared, stored, and distributed drugs.

In the early morning hours of July 9, 2021, Wilford and Long were at the Terragon Trail house. Jennifer Orellana, another of Wilford's co-defendants who lived at Mossdale Drive, contacted Long and Wilford and told them that she thought that someone was about to rob the drugs at Mossdale. So Long and Wilford went to Mossdale Drive to protect those drugs. Security camera footage shows Wilford holding a gun as she patrolled the residence.

Eventually, a federal grand jury returned a superseding indictment charging Wilford with seven counts of various drug and firearms crimes including the use and carry of a firearm during and in relation to a drug trafficking crime and possession of a firearm in furtherance of a drug trafficking crime. Wilford signed a written plea agreement and appeared for a change-of-plea hearing on February 9, 2024. She pleaded guilty to the charge of using and carrying a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A). In exchange, the government agreed to dismiss the other six charges. The district court found that Wilford's plea was knowing, voluntary, and intelligent, and that it was supported by a factual basis. Wilford's plea agreement included a waiver of appellate rights.

The district court sentenced Wilford to five years in prison, which is the mandatory minimum sentence under § 924(c)(1)(A). She appealed.[1]

II.

Wilford argues that her plea was invalid for three reasons. First, because the district court misstated an element of her offense during the plea colloquy. Second, she contends that her plea

---

[1] Wilford filed her notice of appeal on December 19, 2024, fifteen days after the district court entered judgment. *See* Fed. R. App. P. 4(b)(1)(A) (requiring a criminal defendant to file a notice of appeal within 14 days of the entry of judgment). But the government waived any untimeliness objection. *See United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011) (per curiam) (Rule 4(b) isn't jurisdictional and doesn't require us to dismiss late-filed criminal appeals unless the government has raised the issue).

was involuntary. And third, she says that the factual summary in her plea agreement didn't support the charged offense.[2] She also separately contends that she's actually innocent. The government concedes error in the plea colloquy on the court's statement of the elements of the offense that Wilford pleaded to. But it says that the error isn't plain because it doesn't affect her substantial rights and the district court didn't otherwise err.

We review Wilford's arguments for plain error because she didn't challenge her guilty plea below. *United States v. Pitts*, 997 F.3d 688, 697 (6th Cir. 2021). "Plain error has four elements: (1) an error, (2) that is clear and obvious, (3) that affected the defendant's substantial rights, and (4) whose 'adverse impact seriously affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Betro*, 115 F.4th 429, 443 (6th Cir. 2024) (quoting *United States v. Emuegbunam*, 268 F.3d 377, 406 (6th Cir. 2001)). "An error affects a defendant's substantial rights if there is 'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *United States v. Hobbs*, 953 F.3d 853, 857 (6th Cir. 2020) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016)).

A guilty plea is valid if a defendant entered it knowingly, voluntarily, and intelligently. *Pitts*, 997 F.3d at 701. Wilford's appeal waiver doesn't bar a challenge to the validity of her plea. *See United States v. Detloff*, 794 F.3d 588, 592 (6th Cir. 2015) ("A defendant may challenge a waiver of appeal rights 'on the grounds that it was not knowing and voluntary, was not taken in compliance with [Federal Rule of Criminal Procedure 11], or was the product of ineffective assistance of counsel.'" (citing *United States v. Atkinson*, 354 F. App'x 250, 252 (6th Cir. 2009))); *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

---

[2] By her own admission, much of Wilford's brief relies on facts found outside the record. Appellant's Br. at 3 n.3. But we rely only on the factual record before us. *See Sovereign News Co. v. United States*, 690 F.2d 569, 571 (6th Cir. 1982); Fed. R. App. P. 10(a).

A.

We start with Wilford's argument that her plea agreement is invalid because the district court misstated an element of her offense during the plea colloquy. Federal Rule of Criminal Procedure 11(b)(1)(G) requires the district court to ensure that a defendant understands the nature of each charge before accepting the plea. When describing the elements of Wilford's § 924(c)(1)(A) offense at her change-of-plea hearing, the district court told her that "the government would have to prove that [she] knowingly used, carried, or possessed a firearm" "during[] and in relation to" a drug trafficking crime. R. 927, Change of Plea Tr., PageID 2964. That was wrong. Section 924(c) contains two offenses: one for using or carrying a firearm during and in relation to a drug trafficking crime and one for possessing a firearm in furtherance of a drug trafficking crime. *United States v. Combs*, 369 F.3d 925, 932–33 (6th Cir. 2004). So by stating "possessed" with "used" and "carried," the court misstated an element of Wilford's charged offense.

Wilford doesn't acknowledge that plain-error review applies. Regardless, the government concedes that the court's misstatement was an error. But it contends that Wilford can't show that this error affected her substantial rights. We agree.

Wilford doesn't demonstrate a reasonable probability that, but for this error, she would not have pleaded guilty. *See Hobbs*, 953 F.3d at 857. That is, Wilford doesn't suggest that she would've rejected the plea deal had the district court correctly omitted the word "possessed" from its description of the § 924(c) charge's conduct element. Probably because the error likely didn't originate at the colloquy. The written plea agreement, which Wilford signed at the beginning of the change-of-plea hearing, contained a similar misstatement, describing the second element as "knowingly used, carried, carried or possessed a firearm." R. 760, Plea Agreement, PageID 2231–

32. Wilford frames her argument around the district court's Rule 11 error. But as a practical matter, it's hard to understand how the court's repetition of a mistake that appeared in the plea agreement that Wilford signed affected her decision to plead guilty.

And in any event, the distinction between "carrying" and "possessing" the firearm is a distinction without a difference. The security camera footage captured Wilford holding the gun at Mossdale Drive, a known stash house, on July 9, 2021. And she agreed that she went to Mossdale Drive that morning specifically to protect the illegal drugs stored there. So her actual conduct, as shown on video, included both carrying and possessing the firearm.

Not so, says Wilford. She contends that the court's misstatement at her plea colloquy authorized a conviction for a nonexistent offense, relying on *United States v. Hunter*, 558 F.3d 495, 499 (6th Cir. 2009) and *United States v. Castano*, 543 F.3d 826, 834–35 (6th Cir. 2008). But *Hunter* and *Castano* aren't on point. Both involved convictions after jury trials—not guilty pleas. *Hunter*, 558 F.3d at 500–01; *Castano*, 543 F.3d at 829. So whether the error affected a defendant's decision to plead guilty was not an issue. In those cases, the district court confused the conduct element *and* the participation element of the § 924(c) charge. Here, the court here made a narrower mistake by adding "possessed" alongside "used" and "carried," but correctly stated Wilford's conduct was "during[] and in relation to" a drug trafficking crime. *Compare Hunter*, 558 F.3d at 502, *and Castano*, 543 F.3d at 837, *with* R. 927, Change of Plea Tr., PageID 2964. Wilford therefore fails to demonstrate plain error under Rule 11.

### B.

Next, we turn to Wilford's argument that her guilty plea is invalid because it was involuntary. At the change-of-plea hearing, she told the district court that no one had pressured her to plead guilty, the decision to plead guilty was ultimately hers, and she had discussed her trial

options with her attorney before deciding to plead guilty. She concedes that the district court fulfilled its Rule 11 obligations to determine that her plea was voluntary and not coerced. *See* Fed. R. Crim. P. 11(b)(2). Still, she maintains that her plea was involuntary because she knew nothing about the criminal justice system and, based on her attorney's advice, thought that she had no choice but to plead guilty or go to prison for 25 years. But Wilford is bound by her answers at the change-of-plea hearing. *See Pitts*, 997 F.3d at 701; *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). Her after-the-fact assertions that she felt forced to plead guilty contradict her statements at the change-of-plea hearing. So she hasn't established error—much less plain error—in the court's determination that her plea was voluntary.

C.

Moving to Wilford's last argument about the validity of her plea, she contends that the factual basis for her plea is insufficient under § 924(c)(1)(A). Rule 11 requires the district court to "determine that there is a factual basis for the plea" before it enters judgment. Fed. R. Crim. P. 11(b)(3). "The factual basis requirement 'ensure[s] the accuracy of the plea through some evidence that a defendant actually committed the offense.'" *Pitts*, 997 F.3d at 697 (alteration in original) (quoting *United States v. Mobley*, 618 F.3d 539, 545 (6th Cir. 2010)). But the requirement imposes "a low bar" and "[t]he district court need only 'some evidence,' not necessarily 'strong evidence,' that the defendant committed the offense." *United States v. Short*, 128 F.4th 823, 826 (6th Cir. 2025) (quoting *Mobley*, 618 F.3d at 547). And "when a plea agreement's written description of the essential facts underlying the charge supports a finding of guilty, the defendant's express acknowledgement of the accuracy of the agreement's provisions satisfies the

6

requirements" under Rule 11(b)(3). *Pitts*, 997 F.3d at 698 (quoting *United States v. Baez*, 87 F.3d 805, 810 (6th Cir. 1996)).

The factual basis in Wilford's plea agreement and her acknowledgment of that basis in her plea colloquy clear Rule 11(b)(3)'s low bar. At the change-of-plea hearing, the government read that factual basis aloud. Wilford then confirmed that the information was "true and correct," that she "engage[d] in the behavior attributed to" her, and that she didn't have any changes, supplements, additions, or clarifications. R. 927, Change of Plea Tr., PageID 2969–70. Once more, she agreed that she went to Mossdale Drive with her gun to protect the illegal drugs stored there from a possible robbery. Wilford fails to establish that the court erred when it held that a factual basis existed for her plea under § 924(c)(1)(A).

## D.

Finally, Wilford asserts that she is "actually innocent" of the charges brought against her. Although the precise nature of her argument is not apparent, her argument reads like a sufficiency of the evidence challenge. She argues that the government lacked sufficient evidence to convict her of the seven charged offenses in the superseding indictment. But such an argument makes little sense in the context of her guilty plea. There's no verdict for us to review for sufficiency because she pleaded guilty. Regardless, her plea agreement's appeal waiver provision bars any sufficiency-of-the-evidence challenge to her plea agreement. The waiver foreclosed any challenge to "the determination of whether she is guilty of the crime" to which she pleaded guilty. R. 760, Plea Agreement, PageID 2234.

To the extent that she invokes "actual innocence" as a legal concept, she misunderstands that concept. "Actual innocence" is a term of art in the habeas context. *Witham v. United States*, 97 F.4th 1027, 1031–32 (6th Cir. 2024) (citing *Bousley v. United States*, 523 U.S. 614, 621–24

(1998)).  It's a gateway to excuse procedural default in collateral review proceedings, not as a standalone claim on direct appeal.  *See id.*  This is Wilford's direct appeal, so "actual innocence" has no role here.

III.

For these reasons, we AFFIRM.